**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:17-CV-148-RJC-DCK**

| | |
|---|---|
| JOSHUA MICHAEL BRITTAIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| PACIFIC CYCLE, INC., WALMART ) | |
| STORES EAST, LP, WAL-MART, SARA ) | |
| WRIGHT, JOHN DOE, NATIONAL ) | |
| ASSEMBLERS, INC., EAST COAST ) | |
| ASSEMBLERS CORPORATION, ) | |
| NATIONAL ASSEMBERS [sic], EAST ) | |
| COAST ASSEMBLERS, INC., JOHN ROE ) | |
| COMPANY, JANE DOE COMPANY, and ) | |
| JACK ROE, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion To Remand" (Document No. 9). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for disposition. Having carefully considered the motion, the record, and applicable authority, the undersigned will grant the motion.

## BACKGROUND

Plaintiff Joshua Michael Brittain ("Plaintiff" or "Brittain") initiated this action with the filing of his "Complaint" (Document No. 1-1) in the Superior Court of Catawba County, North Carolina on February 28, 2017. The Complaint notes that Plaintiff and his mother, Kathy Brittain, purchased a 29-inch Mongoose Ledge 3.1 Men's Mountain Bike (the "Mountain Bike") at Walmart Store # 4224 in Conover, Catawba County, North Carolina. (Document No. 1-1, pp. 3,

6). The Mountain Bike was manufactured by Defendant Pacific Cycle, and was unpackaged and pre-assembled when purchased by the Brittains. (Document No. 1-1, p.6).

On or about February 16, 2014, Plaintiff was biking in Hickory, North Carolina on the Mountain Bike when the front wheel separated from the front forks and its "dropouts" while Plaintiff was traveling downhill. (Document No. 1-1, pp. 6-7). Plaintiff suffered multiple serious injuries, including fractures to his vertebrae, thereby causing permanent paralysis in the lower half of his body. (Document No. 1-1, p.7).

The Complaint asserts claims for: (1) negligence [Pacific Cycle]; (2) breach of the implied warranty of merchantability [Pacific Cycle]; (3) negligence [Walmart and Wright]; (4) breach of the implied warranty of merchantability [Walmart and Wright]; (5) negligent hiring, training, supervision and instruction [Wright, Walmart, Assemblers, John Roe Company and/or Jane Doe Company]; (6) negligence [John Doe, Assemblers, John Roe Company, Jack Roe and/or Jane Doe Company]; (7) breach of express warranty [all Defendants]; (8) breach of implied warranty of fitness for a particular purpose [all Defendants]; (9) unfair and deceptive trade practices [all Defendants]; (10) reckless conduct [Pacific Cycle, Wright, Walmart, Assemblers, John Roe Company and/or Jane Doe Company]; (11) punitive damages [all Defendants]. (Document No. 1-1, pp. 11-23).

On August 8, 2017, Defendant Pacific Cycle ("Pacific Cycle" or "Defendant") filed a "Notice Of Removal" (Document No. 1) with this Court. Defendants Walmart, Sara Wright ("Wright"), National Assemblers and East Coast Assemblers consented to removal. (Document No. 1, p. 2). Pacific Cycle contends that there is complete diversity between the parties because Wright, who is a citizen of Alexander County, North Carolina, is "a fraudulently joined defendant joined solely to obstruct Defendants' right to remove this case to federal court." (Document No.

1, pp. 3-4). Pacific Cycle bases this conclusion on Wright's responses to Pacific Cycle's Request for Admission dated August 15, 2017. Id.; See also (Document No. 1-7). Pacific Cycle further contends that Defendants Jack Roe, John Roe Company and Jane Doe Company are fictitious defendants, the citizenship of which may be disregarded for purposes of diversity jurisdiction." (Document No. 1, p. 6, n.1) (citing 28 U.S.C.A. § 1441 (b)).

"Plaintiff's Motion To Remand" (Document No. 9) and "Brief In Support Of Motion To Remand" (Document No. 10) were filed on September 15, 2017. "Pacific Cycle, Inc.'s Response To Plaintiff's Motion To Remand" (Document No. 11) and the "Response Of Defendants National Assemblers Inc. And East Coast Assemblers, Inc. To Plaintiff's Motion To Remand" (Document No. 12) were filed on September 29, 2017. Defendants National Assemblers Inc. and East Coast Assemblers, Inc.'s response consists of one sentence informing the Court that they join "Pacific Cycle Inc.'s Response…" (Document No. 11).[1] See (Document No. 12). "Plaintiff's Reply Brief In Support Of Motion To Remand And Motion For Costs And Expenses" (Document No. 13) was filed on October 6, 2017.

**DISCUSSION**

In support of the pending motion, Plaintiff first cites legal standards and authority it contends are relevant to the Court's decision. (Document No. 10, pp.6-7). Plaintiff notes that "[i]f there is a possibility that Plaintiff would be able to establish a cause of action against the non-diverse defendant, Wright, then the matter must be remanded to state court." (Document No. 10, p. 6) (citing Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999); Mayes v. Rapoport, 198 F.3d 457, 464 (4th Cir. 1999); and Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)). "Furthermore, the Court should 'resolve all doubts about the propriety of removal in

---

[1] There is no indication that Sara Wright or the Wal-Mart Defendants joined Pacific Cycle's opposition to remand; nor have Wright or Wal-Mart filed a motion to dismiss with this Court.

3

favor of retained State Court jurisdiction.'" Id. (quoting Marshall, 6 F.3d at 232). "In other words, '[o]nce the court identifies [a] glimmer of hope for the plaintiff, the jurisdictional inquiry ends.'" Id. (quoting Hartley, 187 F.3d at 426). "The party alleging fraudulent joinder bears a heavy burden—it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." Hartley, 187 F.3d at 424 (citing Marshall, 6 F.3d at 232-33).

In addition, Plaintiff asserts that:

> This action is wholly based in state law. Brittain filed his Complaint in good faith in the Superior Court of Catawba County, North Carolina, where he lives, where he purchased the Mountain Bike, where the accident occurred that paralyzed him, and where this case should be remanded.

(Document No. 10, p. 7).

Plaintiff presents five main arguments in support of remand. (Document No. 10, pp. 7-14). The Court will briefly summarize Plaintiff's arguments and Pacific Cycle's responses.

**1.      Subject Matter Jurisdiction**

First, Plaintiff argues that complete diversity does not exist between the parties. (Document No. 10, p. 7-8). Plaintiff notes that he and Defendant Wright are incontrovertibly adverse and both citizens of North Carolina. (Document No. 10, p. 7). Therefore, the parties to this case are not diverse and this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332(a). (Document No. 10, p. 8).

Pacific Cycle declines to directly address Plaintiff's first argument in support of remand. (Document No. 11). Instead, Pacific Cycle asserts its conclusion that "Plaintiff gratuitously added the store manager of the Wal-Mart where the subject bicycle was purchased" only "[t]o defeat diversity, of course." (Document No. 11, p.2). Pacific Cycle appears to base its argument that there is no diversity here, and that Wright was fraudulently joined on or about February 28, 2017,

4

on "Defendant Sara Wright's Responses To Pacific Cycle Inc.'s First Set Of Requests For Admission" (Document No. 1-7) provided on or about August 15, 2017. (Document No. 11, p.2).

In addition, Pacific Cycle asserts that Wright was fraudulently joined "because it is nonsensical to pursue an individual employee of a deep-pocketed employer." (Document No. 11, p.3).

In reply, Plaintiff contends that Wright was not fraudulently joined. (Document No. 13). Plaintiff further contends that "Wright's answers to Pacific Cycle's Requests for Admissions cannot be reconciled with Walmart's answers to Plaintiff's interrogatories – answers that Wright herself verified for Walmart." (Document No. 13, p.2). Plaintiff notes that those verified responses "identified Walmart Store Manager Wright and two other individual employee assemblers, who worked in Wright's store, as having 'the most knowledge about the assembly of the Mountain Bike and each component part of the Mountain Bike.'" (Document No. 13, p.3) (quoting Document No. 10-8, p. 5). Plaintiff contends that Wright cannot have had no "involvement" with the Mountain Bike, and yet be the most knowledgeable about it and its assembly. Id.

Plaintiff seems to conclude that Pacific Cycle's removal is based on factual matters that warrant further discovery, and ultimately, determination by a jury. (Document No. 13, p.4).

**2.      28 U.S.C. § 1441(b)(2)**

Plaintiff next cites 28 U.S.C. § 1441(b)(2), "commonly known as the 'forum defendant rule,'" which provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

5

(Document No. 10, p. 8); 28 U.S.C. § 1441(b)(2). Plaintiff asserts that since Wright is a North Carolina citizen, and the action was brought in North Carolina, the case is not removable. Id.

Pacific Cycle declined to respond to this argument. (Document No. 11).

3.  **Valid Cause of Action Under State Law**

Plaintiff further asserts that "'the law of the State of North Carolina must be applied in determining whether the plaintiff has stated a cause of action against the individual defendant' and the Court must view the facts and law in Brittain's favor when considering the alleged fraudulent joinder." (Document No. 10, p. 10) (quoting Chumley v. Great Atl. & Pac. Tea, 191 F.Supp. 254, 256 (M.D.N.C. 1961) and citing Marshall, 6 F.3d at 232-33). "A claim need not ultimately succeed - if there is even 'a glimmer of hope of the plaintiff's right to relief, the court will find no fraudulent joinder exists and deny the motion for removal.'" (Document No. 10, p.9) (quoting Whitman v. Ruby Tuesday, Inc., 2017 WL 3402962, at *2 (N.D.W.Va. Aug. 8, 2017)).

Plaintiff contends that in North Carolina,

> store managers such as Wright are subject to liability for tortious acts, even acting as an agent for a corporation such as Walmart. "[O]ne is personally liable for all torts committed by him, including negligence, notwithstanding that he may have acted as agent for another or as an officer for a corporation." *Phillips*, 2011 WL 5169984, at *3 (quoting *Palomino Mills v. Davidson Mills Corp.*, 230 N.C. 286, 52 S.E.2d 915, 919 (1949)); *see also Wachovia Bank & Tr. Co. v. S. Ry. Co.*, 209 N.C. 304, 183 S.E. 620, 622–23 (1936). "The potential for corporate liability, in addition to individual liability, will not shield Defendant … from individual liability; Plaintiff is merely provided a choice as to which party or parties to pursue in her … claim." *Phillips*, 2011 WL 5169984, at *3.

(Document No. 10, pp. 10-11).

Plaintiff notes that Walmart, Wright and other Defendants have already been active in this case in state court, and that among other things, Wright was identified by Walmart in discovery responses as the first of three people having "the most knowledge about the assembly of the

6

Mountain Bike and each component and part of the Mountain Bike…" at issue in this case. (Document No. 10, p. 11) (citing Document No. 10-8, p. 5). Moreover, Wright herself verified this answer for Walmart. Id. (citing Document No. 10-9).

Plaintiff concludes that he has alleged a valid cause of action under North Carolina law, and that Pacific Cycle has failed to carry the heavy burden of proving fraudulent joinder. (Document No. 10, p. 12).

To the extent that Defendant Pacific Cycle addresses this argument, it appears to again rely on "Ms. Wright's discovery responses" – to support a conclusion that there is not a "reasonable basis" for Wright's alleged liability under North Carolina law. (Document No. 11, p.10)

**4.      Untimely Notice Of Removal**

In addition, Plaintiff argues that the "Notice Of Removal" (Document No. 1) was untimely under 28 U.S.C. § 1446 (b), which requires that "the notice of removal of a civil action... shall be filed within thirty days after the receipt by the defendant of a copy of the initial pleading setting forth the claim for relief." (Document No. 10, p. 12). Plaintiff contends that Pacific Cycle waited 137 days before filing its "Notice Of Removal." Id. As such, Plaintiff contends the removal was untimely and is fatally defective. (Document No. 10, p. 13).

Pacific Cycle responds that its removal was both timely and appropriate. (Document No. 11, pp. 4-6). Pacific Cycle notes that the federal statute addressing removal provides:

> (3) Except as provided in subsection (c), **if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant**, through service or otherwise, of a copy **of an** amended pleading, motion, order or **other paper from which it may first be ascertained that the case is one which is or has become removable**.

(Document No. 11, p.5) (quoting 28 U.S.C. § 1446(b)) (emphasis added by Defendant). The crux of Pacific Cycle's argument is that Wright's response to the Requests for Admissions, "confirmed"

7

that the allegations against her were untrue, and are the "other paper" from which Pacific Cycle first ascertained that the case was removable. See (Document No. 11, p.5). Pacific Cycle thus concludes that its removal was timely and appropriate as to its own discovery of the alleged fraudulent joinder, and the other Defendants' consent to removal. (Document No. 11, p.6).

Plaintiff argues that this matter is not removable under Pacific Cycle's "other paper" / Requests for Admissions theory. (Document No. 13, p.6). Plaintiff contends that, at worst, this argument raises questions for further discovery from Wright and Walmart. Id.

**5.     Defendants Waived Removal**

Finally, Plaintiff argues that Defendants waived removal for themselves and each other by engaging in substantial activities in state court instead of timely removing. (Document No. 10, pp. 13-14).

> "Participating in state court proceedings… when the defendant is not compelled to take the action...constitutes a waiver of the defendant's right to remove to federal court." *Westwood* at 540 (N.D.W.Va. 2001). Such acts are "volitional in nature" and constitute affirmative submittals to the jurisdiction of the state court. *Westwood* at 541 (N.D.W.Va. 2001). When one defendant waives her right to removal, her co-defendants are deemed also to have constructively waived their right of removal. "If any defendant refuses, or is legally unable to consent to removal, the action cannot be removed…." *Id.*

(Document No. 10, p.13). Plaintiff contends that all of the named Defendants had the opportunity to remove within thirty days of service of the Complaint, but none did. Id. Plaintiff further contends that whatever facts Wright and/or Walmart knew about her role as store manager, they were known long before Pacific Cycle served its Request for Admissions on them; and Wright and/or Walmart should have taken steps within thirty days of service of the Complaint if fraudulent joinder was to be a basis for removal. (Document No. 10, pp. 13-14).

8

Pacific Cycle argues that Defendants' actions in state court related to this case do not constitute consent to state court jurisdiction. (Document No. 11, pp. 7-8) (citations omitted). Defendant goes on to argue that it could not waive a right it did not know it had; moreover, it sought removal, and took no further action in state court, upon receiving Wright's admissions. (Document No. 11, pp. 8-9).

In reply, Plaintiff argues that the "other paper" basis of removal is improper. (Document N. 13, p. 7). In addition, Plaintiff notes that Wright and Walmart have been represented by able counsel, and would have removed the case within thirty (30) days if there were a legitimate basis for removal.

## CONCLUSION

The undersigned finds Plaintiff's arguments persuasive. In short, Pacific Cycle's removal appears to have been, at best, premature. To date, there appears to be a valid cause of action against at least one non-diverse Defendant. Resolving all the legal and factual issues in favor of Plaintiff, the undersigned finds that this matter must be remanded. See (Document No. 10, p. 6) (citing Hartley, 187 F.3d at 424); See also Stevens v. Wal-Mart Stores East LP, 5:17-CV-181-DCK, 2018 WL 296046 (W.D.N.C. Jan. 3, 2018) (case remanded to Superior Court of Catawba County, North Carolina, after Wal-Mart employee who is a North Carolina citizen was added as a Defendant).

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion To Remand" (Document No. 9) is **GRANTED**. This matter shall be **REMANDED** to the Superior Court of Catawba County, North Carolina.

**SO ORDERED**.

Signed: April 19, 2018

_____
David C. Keesler
United States Magistrate Judge