UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:17-cv-00148-RJC-DCK

| | |
|---|---|
| JOSHUA MICHAEL BRITTAIN, ) <br> ) <br> Plaintiff ) <br> ) <br> vs. ) <br> ) <br> ) <br> PACIFIC CYCLE, INC., WALMART ) <br> STORES EAST, LP, WAL-MART, ) <br> SARA WRIGHT, JOHN DOE, ) <br> NATIONAL ASSEMBLERS, INC., ) <br> EAST COAST ASSEMBLERS ) <br> CORPORATION, NATIONAL ) <br> ASSEMBERS [sic], EAST COAST ) <br> ASSEMBLERS, INC., JOHN ROE ) <br> COMPANY, JANE DOE COMPANY, ) <br> And JACK ROE, ) <br> ) <br> Defendants. ) <br> _____ ) | ORDER |

**THIS MATTER** comes before the Court on Joshua Michael Brittain's ("Plaintiff") Motion to Remand, (Doc. No. 9); the Magistrate Judge's Order to Remand this Case, (Doc. No. 18); Pacific Cycle, Inc.'s ("Defendant Pacific Cycle" or "Pacific Cycle") Objections to the Magistrate Judge's Order, (Doc. No. 19); Plaintiff's Response to Pacific Cycle's Objections, (Doc. No. 22); and Defendant's Reply, (Doc. No. 23). Pacific Cycle objects to the magistrate judge's order in its entirety and seeks de novo review by this Court. (Doc. No. 19 at 4). Pacific Cycle lodges three specific objections: (1) the magistrate judge's order should be reviewed de novo and without deference; (2) there is no reasonable possibility that Plaintiff can prove a products liability claim

1

against Sara Wright individually, and (3) Pacific Cycle's removal was not procedurally defective. For the reasons set forth below, the Court **ADOPTS** the magistrate judge's order and **GRANTS** Plaintiff's Motion to Remand.

## I. BACKGROUND

No party has objected to the magistrate judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the magistrate judge's order.

## II. STANDARD OF REVIEW

The parties disagree about the appropriate standard of review this Court should engage in when reviewing the magistrate judge's order. A district court may assign non-dispositive pretrial matters to a magistrate judge to "hear and decide." Fed. R. Civ. P. 72(a); see also LCvR 72.1(a)(2). Within fourteen days of being served with a copy of the magistrate judge's order, a party can file objections. Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Id. In such cases, the district court judge reviews the magistrate judge's order under the more deferential "clearly erroneous" standard rather than conducting a de novo review.

A district court judge may also refer dispositive pretrial matters to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) and (B); see also LCvR 72.1(a)(3). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the

report or specific proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

Here, the magistrate judge entered an Order granting Plaintiff's Motion to Remand. (Doc. No. 18). Because Pacific Cycle asserts that remand motions are dispositive, it contends that the magistrate judge erred by entering an order rather than a memorandum and recommendation. (Doc. No. 19 at 4–6). As such, Pacific Cycle asserts that the magistrate judge's order should be subject to de novo review. (Id.). Plaintiff, on the other hand, argues that remand motions are non-dispositive, and therefore the magistrate judge's order should only be overturned if it is clearly erroneous or contrary to law. (Doc. No. 22 at 3–5). Regardless, this Court chooses to review the magistrate judge's order using a de novo—and thus, more exacting—standard. The Court has reviewed the record in its entirety. For the reasons set forth below, the Court agrees with the magistrate judge's order's outcome: remanding this matter to state court.

## III. DISCUSSION

### A. Fraudulent Joinder

The reason the instant suit is before this Court is due to a claim of fraudulent joinder. Namely, Defendant Pacific Cycle claims that Defendant Sara Wright, a citizen of North Carolina, was fraudulently joined to defeat diversity jurisdiction.

Plaintiff, also a citizen of North Carolina, named a nondiverse Defendant in his complaint: Ms. Sara Wright ("Defendant Wright"), the "store manager of the

3

Wal-Mart where the subject bicycle was purchased." (Doc. No. 11 at 2). Normally, this would defeat removal on the basis of diversity jurisdiction under 28 U.S.C. § 1332 because complete diversity of citizenship does not exist. Complete diversity of citizenship requires that a plaintiff cannot be a citizen of the same state as any defendant. Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996). Without complete diversity, a federal court cannot exercise diversity jurisdiction. Mayes v. Rapoport, 198 F.3d 457, 464 (4th Cir. 1999). However, Defendant alleges that this Court can exercise jurisdiction over this case because of the fraudulent joinder doctrine.

This doctrine allows a federal district court to effectively "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." Johnson v. Am. Towers, LLC, 781 F.3d 693, 704 (4th Cir. 2015) (quoting Mayes, 198 F.3d at 461). "The party alleging fraudulent joinder bears a heavy burden—it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999). "This standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss." Mayes, 198 F.3d at 464 (quoting Hartley, 187 F.3d at 424). Accordingly, courts should resolve doubts about removal in the plaintiff's favor. Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993). To establish fraudulent joinder, the removing party must demonstrate that either (1) "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court," or (2)

4

"there has been outright fraud in the plaintiff's pleading of jurisdictional facts." Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993). In deciding fraudulent joinder claims, the district court is not bound by the allegations of the pleadings; rather, it may consider the entire record. Id. Finally, "[i]n the absence of a North Carolina case that squarely resolves that Plaintiff's claim is not actionable or when the issue involves a judgment call and a federal court cannot say with certainty what a North Carolina court would hold, remand is proper." Geller v. Provident Life and Acc. Ins. Co., No. 5:10-cv-00096, 2011 WL 1239835, at *5 (W.D.N.C. Mar. 30, 2011) (citing Hartley, 187 F.3d at 424–25).

In the instant case, Defendant Pacific Cycle objects to the magistrate judge's order remanding the case to state court, alleging that Plaintiff cannot assert a valid state-law claim against Defendant Wright and that its removal was not procedurally defective. (Doc. No. 19 at 6–13). Pacific Cycle claims that, as soon as it became aware that no valid cause of action exists against Defendant Wright, it removed the case to federal court claiming fraudulent joinder. (See Doc. No. 1 ¶¶ 9–10, 13). Accordingly, this Court must assess whether Pacific Cycle's removal was timely and whether Plaintiff has any possibility of establishing a valid cause of action against Defendant Wright in state court. The two questions are intertwined.

### B. The Untimeliness of Pacific Cycle's Removal

After summarizing Plaintiff's five main arguments in support of remand and Defendant's responses to those arguments, the magistrate judge's Order concluded that remand was proper for the following reasons:

5

> The undersigned finds Plaintiff's arguments persuasive. In short, Pacific Cycle's removal appears to have been, at best, premature. To date, there appears to be a valid cause of action against at least one non-diverse Defendant [Wright]. Resolving all the legal and factual issues in favor of Plaintiff, the undersigned finds that this matter must be remanded.

Thus, the Order found that removal was "premature." This Court also takes issue with the timing of Pacific Cycle's removal, but on the contrary, finds that Pacific Cycle's removal was tardy.

In its Notice of Removal, (Doc. No. 1), Pacific Cycle claimed that its removal was timely under 28 U.S.C. § 1446(b)(3), which provides that

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Pacific Cycle asserts that this case was initially not removable on the face of the Complaint due to Defendant Wright's inclusion as a party. (Doc. No. 19 at 12). However, it claims that this case became removable on August 16, 2017 as soon as it received Defendant Wright's answers to Pacific Cycle's Request for Admission, (Doc. No. 1-7)—the "other paper" which made it clear that removal was proper under 28 U.S.C. § 1446(b)(3). (Doc. No. 1 ¶ 13). And Pacific Cycle contends that, under the "other paper" rule, it had thirty days after it received Defendant Wright's answers to remove this Case. Because Pacific Cycle removed the case on August 18, 2017, it claims it removed the case well within the thirty-day period. Yet, the statute provides that the case must be removed within thirty days from which the defendant received "a copy of an amended pleading, motion, order or other paper from which it may *first*

6

be ascertained that the case is one which is or has become removable." § 1446(b)(3) (emphasis added). Thus, this Court must assess whether Defendant Wright's answers to Pacific Cycle's Requests for Admission was the *first* paper Pacific Cycle received that made it clear that removal is proper and that Wright had been fraudulently joined. The Court finds that it was not.

1. <u>Pacific Cycle Knew the Factual Issues Underlying its Fraudulent Joinder Claim More Than Three Months Before it Removed this Case.</u>

In its Notice of Removal, Pacific Cycle makes several arguments and notes certain facts, purportedly garnered from Wright's answers to Pacific Cycle's Requests for Admission, as to why Plaintiff has no valid cause of action against Wright and thus removal is proper. Primarily, Pacific Cycle argues that Wright's verified discovery responses made clear that

- Plaintiff cannot assert a cause of action against Wright because Wright did not participate in or have responsibility for the conduct at issue in this case.
- Because it was Walmart, not Wright, who actually sold the bicycle to Plaintiff's family, Wright never created or breached any implied warranty to Plaintiff (citing N.C. Gen. Stat. Ann. § 99B-1, which defines "seller" as "a retailer, wholesaler, or distributor, and means any individual or entity engaged in the business of selling a product")
- Plaintiff's claims against Wright for negligent hiring, supervision and training also do not state a colorable claim under North Carolina law because only an employer may be responsible for improper hiring, supervision and training—not an individual supervisory employee.[1]

---

[1] <u>Davis v. Matroo</u>, No. 5:13-CV-00233-BO, 2013 WL 5309662, at *5 (E.D.N.C. 2013) (citing <u>Braswell v. Braswell</u>, 410 S.E.2d 897, 903 (1991)) ("[C]laims of negligent hiring, retention, supervision, or training are grounded in active negligence by the employer."); <u>Ostwalt v. Charlotte-Mecklenburg Bd. of Educ.</u>, 614 F. Supp. 2d 603, 609 (W.D.N.C. 2008) (citation omitted) ("North Carolina courts have determined that no claim for negligent supervision lies when the Defendant is not the employer of the individual who commits the tortious act."); <u>see also</u> <u>McFadyen v. Duke Univ.</u>,

7

- Plaintiff allegedly has no real intention to get a joint judgment against Ms. Wright and her employer, Walmart, because Walmart is a Fortune 500 company with many millions of dollars in assets. Thus Walmart must be Plaintiff's real target for any judgment in this case.

(Doc. No. 1 at 5–7). However, the Court finds that Pacific Cycle could have derived the facts and law underlying these assertions from another paper filed earlier in the case.

Defendant Wright's Motion to Dismiss and Answer, originally filed in state court on May 3, 2017, addresses why the eight claims[2] Plaintiff tacks Wright's name onto in his Complaint fail. (Doc. No. 1-3 at 2–3). Wright's Motion to Dismiss and Answer put Pacific Cycle on notice that Wright had no involvement in the subject transaction. (Doc. No. 1-3 ¶ 3). Wright's Motion to Dismiss notes that the "Complaint fails to allege that Wright was involved in the subject transaction in any respect or that she was even working on the date Plaintiff allegedly purchased the bicycle." (Id. ¶ 1). In her original Answer, Wright specifically denied selling the bicycle to Josh or

---

786 F. Supp. 2d 887, 1002 (M.D.N.C. 2011) ("[A] claim for negligent hiring, retention, and supervision would be actionable only against the employer, not the individual supervisors."), aff'd in part, rev'd in part, dismissed in part sub nom; Evans v. Chalmers, 703 F.3d 636 (4th Cir. 2012); Foster v. Crandell, 638 S.E.2d 526, 538–39 (N.C. Ct. App. 2007) (noting that liability for negligent hiring or retention would extend only to an employer who employed an incompetent employee either as an employee or independent contractor, not to co-employees).

[2] These eight claims are largely based on products liability and negligence principles: (1) negligence; (2) breach of the implied warranty of merchantability; (3) negligent hiring, training, supervision, and instruction; (4) breach of express warranty; (5) breach of implied warranty of fitness for a particular purpose; (6) unfair and deceptive trade practices; (7) reckless conduct; and (8) punitive damages. (Doc. No. 1-1 ¶¶ 43–92).

his mother, and at this point, Pacific Cycle should have concluded that Walmart, not Wright, was thus the "seller" of the bicycle. (Id. ¶ 45). Additionally, in her Answer, Wright specifically denied assembling, reassembling, preparing, testing, inspecting, and/or or causing the assembly or reassembly, preparation, testing, and inspection of the bicycle Plaintiff bought. (Id. ¶ 45). This should have alerted Pacific Cycle that Wright could not be considered a "manufacturer" of the bicycle either. Finally, Walmart's status as a Fortune 500 company was just as true at the beginning of this case as it is now. Thus, Pacific Cycle's allegation that it now knows that Plaintiff has no real intention of recovering from Wright due to the relevant economic positions of the parties rings shallow—it could have made this argument at the time Plaintiff filed his Complaint. In sum, Wright's allegations made in her Motion to Dismiss and Answer should have alerted Pacific Cycle of the factual issues undergirding its fraudulent joinder claim.

  2. Pacific Cycle Knew the Legal Issues Underlying its Fraudulent Joinder Claim More Than Three Months Before it Removed this Case.

Moreover, the legal arguments Pacific Cycle now makes as to why Plaintiff's claims against Wright must fail have been apparent since at least the time Defendant Wright's Motion to Dismiss and Answer was filed, if not since the inception of this case. For example, Pacific Cycle notes in its Objections to the Magistrate Judge's Order that Plaintiff "bootstraps" a variety of causes of action, including breach of warranty and deceptive trade practices, on Plaintiff's allegation in his Complaint that Wright was a "manufacturer and/or seller" under N.C. Gen. Stat. § 99B-1, "meaning

9

that she herself either designed/assembled the bicycle or she herself sold it." (Doc. No. 19 at 7). Pacific Cycle notes that because Plaintiff bought the bicycle from Walmart—not Wright—Wright cannot qualify as a "seller." And because Wright was not involved in the assembly or preparation of the bicycles, she could not be considered a "manufacturer." Yet this was made known to Pacific Cycle in Wright's Motion to Dismiss and Answer—three months before the date Pacific Cycle claims to have originally received knowledge that Plaintiff had no viable products liability claim against Wright.

Regarding Plaintiff's claims based in negligence, Pacific Cycle argues that North Carolina law only allows for companies to be held liable for negligent hiring, retention, training, and supervision—not company employees. (Doc. No. 19 at 8). Davis v. Matroo, No. 5:13-cv-00233-BO, 2013 WL 5309662, at *5 (E.D.N.C. 2013) (citing Braswell v. Braswell, 410 S.E.2d 897, 903 (1991)) ("[C]laims of negligent hiring, retention, supervision, or training are grounded in active negligence by the employer."). Yet this has been governing law long before this case was filed. Thus Pacific Cycle should have known that Plaintiff's claim in his Complaint that Wright should be liable for negligent hiring and supervision would likely fail as a matter of governing law. Additionally, Pacific Cycle was put on notice when Wright's Motion to Dismiss and Answer was filed that, since Wright was not involved in the subject transaction, she did not owe Plaintiff any duty. And therefore, Plaintiff's negligence claim would likely fail as a matter of law against Wright. Finally, since Pacific Cycle was aware that Wright has had no interaction with Plaintiff and played no role in the

10

bicycle assembly process, it should have been aware that Wright's conduct could not possibly amount to recklessness. This is especially true considering that Pacific Cycle contends that Wright's conduct was not even negligent. Siders v. Gibbs, 229 S.E.2d 811, 814 (N.C. Ct. App. 1976) (explaining that recklessness is more than ordinary negligence). And in that same vein, Pacific Cycle should have known that Plaintiff's claim for punitive damages—which are imposed only for willful and wanton conduct—would also be unwarranted against Wright. N.C. Gen. Stat. § 1D-15(a)-(b); see also Siders, 229 S.E.2d at 814 (noting that "'recklessness, though more than ordinary negligence, is less than willfulness or wantonness").

Therefore, the Court concludes that Pacific Cycle knew or should have known the facts and law supporting its assertion that Plaintiff has no valid cause of action against Wright from the time that Wright filed her Motion to Dismiss and Answer in state court on May 3, 2017. As such, this document was the "other paper" from which Pacific Cycle could have ascertained that the case was removable. And under 28 U.S.C. § 1446(b)(3), Pacific Cycle was required to remove the case within thirty days from when Wright's Motion to Dismiss and Answer was filed. Instead, for reasons unclear to this Court, Pacific Cycle delayed removing the case until nearly three months after it was put on notice that Wright might have been fraudulently joined. Accordingly, despite the potential merits of Pacific Cycle's fraudulent joinder claim, the Court cannot reward Pacific Cycle's litigation lethargy.

IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's Order, (Doc. No. 18), is **ADOPTED**;

2. Plaintiff's Motion to Remand, (Doc. No. 9), is **GRANTED**;

3. This matter shall be **REMANDED** to the Superior Court of Catawba County, North Carolina; and

4. The Clerk of Court is directed to close this case.

Signed: December 14, 2018

Robert J. Conrad, Jr.
United States District Judge